UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER SIMMONS                           CIVIL ACTION

VERSUS                                                      NO. 24-1526

HOME DEPOT U.S.A., INC.                           SECTION "R"

**ORDER AND REASONS**

Before the Court is plaintiff's opposed[1] motion to remand.[2]  For the following reasons, the Court grants the motion.

## I.     BACKGROUND

Plaintiff filed this action in Louisiana state court on July 2023.[3]  The suit arose out of an alleged incident in which he was attacked and bitten by a homeless man in defendant's parking lot.[4]  In the petition, plaintiff did not state whether the amount in dispute exceeds $75,000, or include a specific demand.[5]  Plaintiff alleged that he "has been caused to suffer severe physical pain, keen mental anguish an[d] emotional distress; he has required medical and hospital care and treatment for his injuries; he has been disabled from

---

[1]     R. Doc. 23.
[2]     R. Doc. 13.
[3]     R. Doc. 1-1.
[4]     *Id.* at 1.
[5]     *See id.* at 3.

working and he has been handicapped in other activities; he has lost sums of money he otherwise would have earned and he will continue to have earnings loss/or diminished earning capacity in the future; he has incurred medical, hospital and related expenses; [and] he may require additional medical care and treatment in the future."[6]  He claimed that he is entitled to recover all reasonable damages.[7]

On May 15, 2024, defendant received discovery responses and medical records from plaintiff which identified the extent and nature of the injuries and medical treatment plaintiff sought.[8]  Defendant asserted that this discovery put it on notice that the amount in controversy exceeds $75,000, and it removed this case on June 13, 2024, on the basis of diversity jurisdiction.[9]

Plaintiff moves to remand ten months later, asserting that the amount in controversy does not exceed $75,000.[10]  In support of his motion, plaintiff stipulated that the amount in controversy does not exceed $75,000 and

---

[6]    *Id.* at 3.
[7]    *Id.*
[8]    *See* R. Doc. 1-4.
[9]    R. Doc. 1 at 3–4.
[10]   R. Doc. 13.

renounced his right to recover any amount more than $75,000 should he be awarded it in state court.[11]

The Court considers the motion below.

## II.    LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts."). Though the Court must remand the case if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is

---

[11]    R. Doc. 13-3.

fixed at the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Under Fifth Circuit law, if a plaintiff includes a demand for a specific amount in his or her state court petition, this figure will generally control. *Scarlott v. Nissan N. Am.*, 771 F.3d 883, 888 (5th Cir. 2014). If a plaintiff does not include a demand for a specific amount, or includes a demand for a sum less than the jurisdictional amount, the removing defendant has the burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Manguno*, 276 F.3d at 723 (no specific demand); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995) (demand for less than jurisdictional amount). The defendant can meet this burden by (1) demonstrating that it is apparent from the face of the petition that the value of the claims is likely to exceed the jurisdictional amount, or (2) setting forth "'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723. If it is apparent from the face of the petition that the value of the claims is likely to exceed the jurisdictional

4

amount, "post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). But "if the basis for jurisdiction is ambiguous at the time of removal," the Court may consider "post-removal [stipulations or] affidavits" in determining whether the amount in controversy exceeds the jurisdictional amount in addition to summary judgment type evidence. *Id.*

If the defendant satisfies its burden to show that the jurisdictional amount is met, the plaintiff can defeat removal only by showing that it is legally certain that the plaintiff could not recover an amount in excess of $75,000. *See De Aguilar*, 47 F.3d at 1411-12; *see also Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 355 n.4 (5th Cir. 2023) (affirming same).

## III.  DISCUSSION

Here, defendant does not contend that it is facially apparent from the face of the complaint that the jurisdictional amount is satisfied. And the Court does not find to the contrary. Plaintiff's petition alleges only that he was attacked and bitten, and claims generalized damages.[12] *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850–51 (5th Cir. 1999) (finding amount

---

[12]    R. Doc. 1-1 at 1, 3.

in controversy not met when complaint alleged damages for severely injured
shoulder, soft-tissue injuries, bruises, abrasions, medical expenses, and loss
of consortium); *Guillory v. Chevron Stations, Inc.*, No. 3-2385, 2004 WL
1661201, at *2 (E.D. La. July 22, 2004) (amount in controversy not facially
apparent from the complaint when plaintiff alleged "a fracture to her knee
and torn internal structures of her knee" and sought damages for past and
future pain, suffering, disability, medical expenses, loss of wage and salary,
and loss of enjoyment of life).  The Court finds that the basis for removal was
ambiguous at the time of removal.  *See Darensbourg v. Sullivan*, No. 16-
16621, 2017 WL 372637, at *2 (E.D. La. Jan. 25, 2017) ("Because Plaintiff did
not detail his injuries or expected medical costs, the amount of damages
requested in the initial petition are ambiguous."); *Gonzalez v. Granter*, No.
15-5928, 2016 WL 3268165, at *3 (E.D. La. June 15, 2016) (holding petition
ambiguous because "though [p]laintiff alleges that she suffered 'severe
injuries,' her petition does not . . . detail the duration of the injury, any past
or future treatments that have been provided or recommended, any resulting
physical limitations, permanent pain, or other disability resulting from the
injuries, and/or any loss of employment").  Accordingly, it is defendant's
burden to show that the amount in controversy exceeds $75,000 by

"summary judgment type evidence," and the Court may consider plaintiff's post-removal stipulation.

In its notice of removal, defendant argued that the amount in controversy requirement was satisfied because of the content of plaintiff's discovery responses and medical records. Defendant specifically pointed to plaintiff's discovery responses identifying the injuries he sustained, including fractured ribs and injuries to his hands, knee, and shoulder.[13] Defendant also pointed to plaintiff's medical records, which had findings that plaintiff had rotator cuff tendinosis and fraying of the superior labrum and demonstrated that he underwent an aspiration procedure followed by a corticosteroid injection in his right knee.[14] Plaintiff's doctor noted that a "at some point, [plaintiff] will need a knee replacement."[15] Defendant argued that plaintiff's discovery responses and medical records, most significantly, the potential future knee replacement, put it on notice that the amount in controversy exceeds $75,000.[16]

But the discovery responses and medical records defendant attached to its notice of removal fail to show that the jurisdictional amount is satisfied.

---

[13]    R. Doc. 1 at 3; R. Doc. 1-4 at 8.
[14]    R. Doc. 1 at 3; R. Doc. 1-5 at 7, 3.
[15]    R. Doc. 1-5 at 7.
[16]    R. Doc. 1 at 3–4.

Plaintiff's discovery responses indicated only $11,474 in medical expenses.[17] When asked to list every outpatient and inpatient procedure he underwent or <u>for which he received a recommendation to undergo</u> related to the incident, he indicated only a prior bursa injection, and he stated that he did not have any future medical treatment scheduled.[18]  Though plaintiff's doctor noted that plaintiff might need a knee replacement in the future, the physician did not recommend that treatment, and provided no estimation for the cost of this procedure.[19]  Plaintiff's medical records show that he was previously diagnosed with moderate degenerative joint disease in his knee and his physician actually recommended conservative treatment.[20]  Further, the physician made no finding on causation that related any need for a knee replacement to the incident at hand.  In fact, the medical records noted that plaintiff's pain stemmed from work-related duties, which included squatting and kneeling, and made no mention of this incident.[21]  Additionally, plaintiff clarified in his discovery responses that he is not pursuing a lost wage claim.[22]

---

[17]   R. Doc. 1-4 at 6.
[18]   *Id*. at 10.
[19]   R. Doc. 1-5 at 7.
[20]   *Id*. at 7.
[21]   *Id*. at 4.
[22]   R. Doc. 1-4 at 11.

Plaintiff also submits an affidavit stipulating that the amount in controversy does not exceed $75,000, and renouncing his right to recover in excess of $75,000.[23]  *See De Aguilar*, 47 F.3d at 1406 ("Post-removal [stipulations or] affidavits sometimes can be relevant where the jurisdictional amount question is unresolved."); *McGlynn v. Huston*, 693 F. Supp. 2d 585, 596-97 (M.D. La. 2010) (remanding in light of post-removal stipulation because "the amount in controversy remains ambiguous").  Thus, the Court finds that defendant fails to establish by a preponderance of the evidence that the jurisdictional amount in satisfied.

Finally, defendant argues that this motion is not timely under 28 U.S.C. § 1447(c), because it was filed ten months after removal.  Defendant misunderstands Section 1447's time limitation.  The removal statute states that "[a] motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c) (emphasis added).  But 28 U.S.C. § 1447(c) makes clear that "the case shall be remanded" "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  *Id.*  Therefore, Section 1447 institutes a 30-day time bar for "motions to remand for defects in removal procedure."  *Caterpillar Inc. v.*

---

[23]    R. Doc. 13-3.

*Lewis*, 519 U.S. 61, 76 (1996).  But "[t]his 30–day limit does not apply . . . to jurisdictional defects."  *Id.* at 69.  Because plaintiff challenges the amount in controversy requirement, a jurisdictional requirement for diversity jurisdiction under 28 U.S.C. § 1332, and not a procedural defect in the removal, Section 1447's time limit does not bar remand.  *See, e.g.*, *Rodney v. Waffle House, Inc.*, 2018 WL 6829041, at *3–5 (M.D. La. Oct. 22, 2018), *report and recommendation adopted*, 2018 WL 10809995 (M.D. La. Dec. 18, 2018) (distinguishing between the 30-day limit for procedural defects and challenges to jurisdictional requirements).

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand.  Defendant's motion for summary judgment,[24] and plaintiff's motion to continue various deadlines,[25] are DENIED WITHOUT PREJUDICE for lack of jurisdiction.

New Orleans, Louisiana, this _14th_ day of May, 2025.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[24]    R. Doc. 8.
[25]    R. Doc. 17.

10